# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WARMACK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:09CV23 CDP |
| TROY STEELE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended complaint. Plaintiff is a prisoner proceeding in forma pauperis, and the Court is required to review the complaint pursuant to 28 U.S.C. § 1915(e) prior to service on defendants. Upon review, the Court finds that the complaint fails to state a claim upon which relief can be granted. As a result, the Court will dismiss the complaint.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Amended Complaint**

Plaintiff, a prisoner at Southeast Correctional Center ("SECC"), brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are Troy Steele (Warden, SECC), Unknown Hakala (Doctor, Correctional Medical Services), Deborah Vinson (Nursing Director, CMS), Gene Bailey (Nurse, CMS), Stephanie Kasting (same), Glen Babich (Physician, CMS), J. Cofield (Regional Manager, CMS), E. Conley (Regional Medical Director, CMS), Quinn Lewis (Investigation Adm., State Board of Nursing), and George Lombardi (Director, Missouri Department of Corrections). Plaintiff seeks monetary relief.

Plaintiff alleges that he developed a skin rash in 2007, which caused itching and bleeding and which spread from his lower legs to upper torso. Plaintiff claims that he complained to defendant Hakala about the rash but that Hakala refused to

examine him. Plaintiff says that he then filed an informal resolution request with defendant Vinson, who assured plaintiff that Hakala would see plaintiff if he tried again. Vinson also told plaintiff that maybe he was allergic to the wool blankets, and Vinson had Hakala put in an order for cotton blankets. Plaintiff states that his rash decreased after he started using the cotton blankets. Plaintiff alleges that he saw Hakala again in January 2007 and that Hakala gave him a medicinal ointment and performed a biopsy. Plaintiff says that the biopsy was negative for cancer. Plaintiff claims that he continued to have the rash and that Hakala placed him on Hydrocortisone, which he is still taking. Plaintiff says that the Hydrocortisone treats the symptoms of his rash but that it does not cure the underlying cause, which he believes is allergies. Plaintiff wants Hakala to send him to an outside dermatologist to determine what is causing the rash.

Plaintiff alleges that the other named defendants could have ordered Hakala to send him to an outside dermatologist.

## Discussion

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical

treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "[C]laims of inadequate medical treatment which reflect a mere disagreement with [state] authorities over proper medical treatment do not state a claim of constitutional magnitude." Massey v. Hutto, 545 F.2d 45, 46 (8th Cir. 1976). Plaintiff's allegation that he has suffered from a skin rash does not rise to the level of objective seriousness necessary to implicate the 8th Amendment. Furthermore, the allegations do not show that Hakala and Vinson disregarded his needs. Instead, Hakala and Vison gave plaintiff an order for cotton blankets and gave him two types of medication for his skin, and plaintiff says that the medications help clear his rash. Plaintiff's allegations show that he merely disagrees with Hakala regarding the best treatment for his rash. As a result, plaintiff has failed to state a claim for unconstitutional medical mistreatment.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in

§ 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Steele, Bailey, Kasting, Babich, Cofield, Conley Lewis, or Lombardi were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motions for injunctive relief, for class action status, to expedite ruling, and to appoint counsel [##4, 5, 6, 19] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee [#21] is **GRANTED**. Plaintiff shall have until July 24, 2009, to pay the partial initial filing fee.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of June, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE